UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

LEONE D. MEBANE,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 3:18-cv-90

Magistrate Judge Michael J. Newman
(Consent Case)

---

**DECISION AND ENTRY: (1) REVERSING THE ALJ'S NON-DISABILITY FINDING AS UNSUPPORTED BY SUBSTANTIAL EVIDENCE; (2) REMANDING THIS CASE UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR FURTHER PROCEEDINGS; AND (3) TERMINATING THIS CASE ON THE COURT'S DOCKET**

---

This Social Security disability benefits appeal is before the undersigned for disposition based upon the parties' full consent. Doc. 7. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Supplemental Security Income ("SSI"). This case is before the Court on Plaintiff's Statement of Errors (doc. 9), the Commissioner's memorandum in opposition (doc. 10), the administrative record (doc. 10),[1] and the record as a whole.

## I.

### A. Procedural History

Plaintiff filed for SSI on October 30, 2014 (PageID 228-33) alleging disability as a result of a number of alleged impairments including, *inter alia*, depressive disorder, anxiety disorder, and posttraumatic stress disorder ("PTSD"). PageID 54.

---

[1] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

After initial denial of his applications, Plaintiff received a hearing before ALJ Elizabeth A. Motta on October 14, 2016. PageID 78-99. The ALJ issued a written decision on February 28, 2017 finding Plaintiff not disabled. PageID 80-99. Specifically, the ALJ found at Step Five that, based upon Plaintiff's residual functional capacity ("RFC") to perform a reduced range of medium work,[2] "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform[.]" PageID 58-65.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 43-45. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

### B. Evidence of Record

The evidence of record is adequately summarized in the ALJ's decision (PageID 59-64), Plaintiff's Statement of Errors (doc. 9), and the Commissioner's opposition memorandum (doc. 10). The undersigned incorporates the foregoing and sets forth the relevant facts herein.

### II.

### A. Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the

---

[2] "Medium work" involves the occasional lifting of 50 pounds at a time, and frequent lifting or carrying of objects weighing up to 25 pounds. 20 C.F.R. § 416.967. Medium work can require standing and walking as much as six hours during any given eight-hour workday. *Id*. It may also involve frequent stooping, grasping, holding, and turning objects. *Id*. "The functional capacity to perform medium work includes the functional capacity to perform sedentary, light, and medium work." 20 C.F.R. § Pt. 404, Sub Pt. P, App. 2, § 203.00(a). Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." *Id*. § 416.967(b). An individual who can perform light work is presumed also able to perform sedentary work. *Id*. Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." *Id*. § 416.967(a).

correct legal criteria.  42 U.S.C. § 405(g); *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007).  In performing this review, the Court must consider the record as a whole.  *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled.  *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001).  Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference."  *Id*. at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009).  "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right."  *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act.  42 U.S.C. § 423(d)(1)(A).  Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies.  *Id*.

Administrative regulations require a five-step sequential evaluation for disability determinations.  20 C.F.R. § 416.920(a)(4).  Although a dispositive finding at any step ends the ALJ's review, *see Colvin*, 475 F.3d at 730, the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?;

2. Does the claimant suffer from one or more severe impairments?;

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?;

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?; and

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 416.920(a)(4); *see also Miller v. Comm'r of Soc. Sec.*, 181 F.Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

In his Statement of Errors, Plaintiff alleges that the ALJ erred in finding his alleged symptoms and the limiting effects caused thereby to be inconsistent or unsupported by: (1) objective medical evidence of record; (2) the nature of the treatment he received and sought; (3) his ability to work part-time or temporary employment; and (4) his daily activities, namely, his ability to babysit his roommate's three children. PageID 59, 62. The undersigned agrees with Plaintiff and finds reversible error in the ALJ's analysis.

"In determining whether an individual is disabled," an ALJ must consider a plaintiff's "symptoms, including pain, and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical and other evidence in the individual's record." Soc. Sec. Ruling 16-3p, 2017 WL 5180304, at *2 (Oct. 25, 2017). An ALJ will "use a two-step process for evaluating an individual's symptoms." *Id*. at *3. First, an ALJ must "consider whether there is an underlying medically determinable physical or mental impairment(s) that could reasonably be

4

expected to produce an individual's symptoms." *Id*. at *3. If so, the second step requires an ALJ to "evaluate the intensity and persistence of those symptoms to determine the extent to which the symptoms limit an individual's ability to perform work-related activities[.]" *Id*.

Factors considered at this second step include: (1) plaintiff's daily activities; (2) the location, duration, frequency, and intensity of pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment an individual uses or has used to relieve pain or other symptoms (*e.g.*, lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms. *Id*. at *7-8. An ALJ "will explain which of an individual's symptoms [he or she] found consistent or inconsistent with the evidence in [the] record and how [the ALJ's] evaluation of [plaintiff's] symptoms led to [the ALJ's] conclusions." *Id*. at *8.

### A. Objective Evidence

The Court first finds error insofar as the ALJ found Plaintiff's statements "not supported by objective medical evidence." PageID 59. Such a statement by the ALJ is ambiguous in that it is not clear whether the ALJ means the record is devoid of objective evidence at all, or that the objective evidence of record is insufficient to support Plaintiff's allegations. *Cf. Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 377 (6th Cir. 2013). Further, such conclusion "lacks adequate explanation of which symptoms are inconsistent with the evidence and how [the ALJ's] evaluation of those symptoms led to his conclusion." *Little v. Berryhill*, No. CV 17-64-E, 2018 WL 1400249, at *5 (W.D. Pa. Mar. 20, 2018).

5

The undersigned also notes that, insofar as the ALJ may have meant the record is devoid of any objective evidence substantiating Plaintiff's allegations, such conclusion is unsupported by substantial evidence. The Sixth Circuit concludes that "a psychiatric impairment is not as readily amenable to substantiation by objective laboratory testing as a medical impairment" and "consequently, the diagnostic techniques employed in the field of psychiatry may be somewhat less tangible than those in the field of medicine." *Blankenship v. Bowen*, 874 F.2d 1116, 1121 (6th Cir.1989) (citation and alterations omitted). Instead, with regard to mental health impairments, "clinical and laboratory data may consist of the diagnosis and observations of professionals trained in the field of psychopathology." *Id*. (citation omitted).

In other words, many times in the realm of mental health impairments, clinical observations made by mental health professionals serve as the only objective evidence available to substantiate the existence, persistence, and limiting effects of such impairments. *See id*. Here, the record is replete with clinical observations made by mental health professionals showing, *inter alia*, that Plaintiff presented at various times with a mistrustful, hostile, and preoccupied demeanor; avoidant eye contact; persecutory, guarded, bizarre, grandiose, loose, and phobic thought content; displayed a flight of ideas; was depressed, anxious, irritable, and had an angry mood; a blunted, constricted, and flat affect; exhibited anhedonic, resistant, impulsive, apathetic, agitated, and withdrawn behavior; showed impairment in attention, concentration, and memory; had borderline intelligence; and possessed poor insight, judgment, abstraction, and attention. PageID 663-65, 693, 697, 699-700, 702-03, 727-28, 730-31, 875-76, 878-79, 881-82, 904-05, 911-12, 924-25.

Insofar as the ALJ meant that such clinical observations are insufficient to support the extent of Plaintiff's alleged disabling limitations, such finding is also unsupported by substantial evidence absent the required explanation by the ALJ as to how the aforementioned clinal observations contradict Plaintiff's specific statements regarding his symptoms. *See* SSR 16-3p at

6

*8 ("We will explain which of an individual's symptoms we found consistent or inconsistent with the evidence in his or her record and how our evaluation of the individual's symptoms led to our conclusions").

### B. Failure to Seek Additional Treatment

The undersigned also finds error in the ALJ's conclusion that Plaintiff's statements regarding the limiting effects of his symptoms are inconsistent with the record in light of his purported failure to seek "additional treatment, such as counseling." PageID 62. Initially, the undersigned notes that Plaintiff, at the administrative hearing, testified that he does go to counseling (PageID 87), making the ALJ's conclusion in this regard questionable on the facts alone. Evidence of record also shows that Plaintiff had counseling at Day-Mont Behavioral Healthcare. PageID 712-13, 716-17. Aside from the foregoing, it is not entirely clear whether any additional treatment was available to Plaintiff and/or recommended to him by a medical professional.

Regardless, even assuming, *arguendo*, the ALJ's statement in this regard is otherwise supported by the record, he committed error by not following SSR 16-3p. Pursuant to SSR 16-3p, an ALJ should "consider an individual's attempts to seek medical treatment for symptoms and to follow treatment once it is prescribed when evaluating whether symptom intensity and persistence affect the ability to perform work-related activities[.]" 2017 WL 5180304, at *9. In that regard, "if the frequency or extent of the treatment sought . . . is not comparable with the degree of the individual's subjective complaints, or if the individual fails to follow prescribed treatment that might improve symptoms, [an ALJ] may find the alleged intensity and persistence of an individual's symptoms are inconsistent with the overall evidence of record." *Id*.

However, an ALJ shall not "find an individual's symptoms inconsistent with the evidence in the record on this basis without considering possible reasons he or she may not comply with

7

treatment or seek treatment consistent with the degree of his or her complaints." *Id*. In fact, an ALJ "may need to contact the individual regarding the lack of treatment or, at an administrative proceeding, ask why he or she has not complied with or sought treatment in a manner consistent with his or her complaints." *Id*.

On this particular issue, the Sixth Circuit has concluded that "ALJs must be careful not to assume that a patient's failure to receive mental-health treatment evidences a tranquil mental state" because "[f]or some mental disorders, the very failure to seek treatment is simply another symptom of the disorder itself." *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 283 (6th Cir. 2009). In fact, according to the Sixth Circuit, "it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation." *Blankenship v. Bowen*, 874 F.2d 1116, 1124 (6th Cir. 1989).

Here, assuming there was additional treatment available or recommended to Plaintiff by a mental health professional, the undersigned has reviewed the administrative hearing transcript and finds no questions directed to Plaintiff inquiring as to why he failed to seek any additional treatment the ALJ felt was appropriate. In light of Plaintiff's documented history of severe mental health impairments, and in light of the ALJ's failure to inquire of Plaintiff as to why he may not have sought additional treatment, the ALJ erred finding Plaintiff's statements inconsistent with the record in this regard.

### C.    Employment

In his decision, the ALJ noted that Plaintiff "worked various part-time and/or temporary jobs since early 2016." PageID 54. At the administrative hearing, Plaintiff testified that he "walked off" one job after he could not get along with a particular co-worker and that the co-worker "threatened" him. PageID 83-84. Another job Plaintiff worked was temporary, and he made "[b]arely eight" hundred a month." PageID 84. In determining the severity of Plaintiff's

alleged symptoms, the ALJ concluded that "his ability to engage in employment . . . is not consistent with the severity of symptoms he reported." PageID 62. Because of such employment, and because Plaintiff's mental health providers did not discourage him from seeking employment, the ALJ found it "reasonable to infer that [plaintiff's] lack of employment is not necessarily due to any disabling impairments, but could be a matter of choice, at least to some extent." *Id.*

The Sixth Circuit has noted that an ALJ is not permitted to adjudge a Plaintiff's statements based upon "intangible or intuitive notion[s][.]" *See Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007) (citing SSR 96-7p, 1996 WL 374186, at *4 (July 2, 1996))[3]; *White v. Comm'r of Soc. Sec.*, 312 F. App'x 779, 789 (6th Cir. 2009). Here, when holding Plaintiff's attempts to engage in part-time or temporary employment against him, it appears the ALJ did so solely upon her intuitive notion that such efforts indicate an ability to sustain adequate work performance full-time. However, the ALJ's apparent intuition in this regard actually runs opposite of that noted by the Sixth Circuit, *i.e.*, that a claimant's "attempts to continue working despite his [or her] disability support his [or her] credibility[.]" *White*, 312 F. App'x at 789; *see also Ladwig v. Colvin*, No. 3:15CV00128, 2016 WL 3434024, at *9 (S.D. Ohio June 22, 2016), *report and recommendation adopted*, No. 3:15CV00128, 2016 WL 3866603 (S.D. Ohio July 13, 2016) (concluding that a person's unsuccessful attempts to work generally "confirm . . . the sincerity of his [or her] testimony" concerning the limiting effects of their impairments"). Absent further explanation by the ALJ, the undersigned finds the ALJ's conclusion in this regard unsupported by substantial evidence.

---

[3] SSR 96-7p was superseded by SSR 16-3p. *See* 2017 WL 5180304 at *1. Whereas SSR 96-7p discusses the process by which an ALJ should assess a claimant's credibility, SSR 16-3p "requires the ALJ to evaluate the consistency of a plaintiff's statements, without reaching the question of overall credibility, or character for truthfulness." *Smith v. Comm'r of Soc. Sec.*, No. 2:18-CV-286, 2019 WL 409363, at *4 (S.D. Ohio Feb. 1, 2019). "Although SSR 16-3p supersedes SSR 96-7p, 'according to the very language of SSR 16-3p, its purpose is to 'clarify' the rules concerning subjective symptom evaluation and not to substantially change them.'" *Id.* Thus, "the procedures for reviewing an ALJ's credibility assessment under SSR 16-3p are substantially the same as the procedures under SSR 96-7p." *Id.*

D.     **Babysitting Roommate's Children**

Finally, the ALJ found that Plaintiff's "ability to . . . care for his roommate's children[] is not consistent with the severity of the symptoms he reported." PageID 62. In this regard, Plaintiff testified that he babysits his roommate's eight, six, and four-year old -- although they all go to school, and the children all make their own meals. PageID 86. According to Plaintiff's testimony, his duties appear limited to making "sure they get up . . . [and] get to their bus." PageID 86-87. "These activities would be relevant if they suggested that [Plaintiff] could do something on a sustained basis that is inconsistent with" his alleged symptoms, "[b]ut they do not." *Gayheart*, 710 F.3d at 377; *see also* 20 C.F.R. § 416.920a(c)(2) ("We will rate the degree of your functional limitation based on the extent to which your impairment(s) interferes with your ability to function independently, appropriately, effectively, and on a sustained basis"). The undersigned concludes that the ALJ's conclusion in this regard is unsupported by substantial evidence.

**IV.**

When, as here, the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to reverse and remand the matter for rehearing or to reverse and order the award of benefits. The Court has authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991). Generally, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 782 (6th Cir. 1987). In this instance, evidence of disability is not overwhelming, and a remand for further proceedings is necessary.

**V.**

For the foregoing reasons, **IT IS ORDERED THAT**: (1) the Commissioner's non-disability finding is unsupported by substantial evidence, and **REVERSED**; (2) this matter is **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and (3) this case is **TERMINATED** on the docket.

  **IT IS SO ORDERED.**

Date:  June 10, 2019            s/ Michael J. Newman
                             Michael J. Newman
                             United States Magistrate Judge